```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Carol A. Wilson, Administrator,:
et al.,

     Plaintiffs,       :

  v.                            :      Case No. 2:16-cv-119

                                :      JUDGE GREGORY L. FROST
Bryan Waller,                        Magistrate Judge Kemp

     Defendant.        :


### REPORT AND RECOMMENDATION

    Plaintiff has filed an application for entry of default against First Colony Construction, LLC.  For the following reasons, it will be recommended that the application for entry of default be denied.

I.

    Briefly, by way of background, plaintiff filed this action on February 9, 2016, naming Bryan Waller d/b/a First Colony Construction LLC as the defendant.  A summons was issued to Bryan Waller d/b/a First Colony Construction LLC the following day.  On February 19, 2016, plaintiff filed a motion to substitute First Colony Construction LLC as the defendant in place of Bryan Waller.  The motion specifically stated, "the proper Defendant is First Colony Construction LLC."  On February 23, 2014, the summons was returned executed as to Bryan Waller indicating a service date of February 16, 2016.

    On February 24, 2016, the Court issued an order advising plaintiff that the situation described by the motion to substitute was more appropriately addressed by an amendment to the complaint under Rule 15.  Consequently, the Court denied the

motion to substitute without prejudice to plaintiff's compliance with Rule 15. On February 26, 2016, plaintiff filed an amended complaint naming First Colony Construction LLC as the only defendant. According to the Court's docket, a summons has never been issued for that entity and no waiver of service has been filed. On April 4, 2016, plaintiff filed its application for an entry of default.

II.

Fed.R.Civ.P. 55(a) provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Before an entry of default can be made, however, there must be effective service of process on a defendant. Sandoval v. Bluegrass Regional Mental Health-Mental Retardation Board, 229 F.3d 1153 (Table), 2000 WL 1257040, *5 (6th Cir. July 11, 2000), (citing 10A Wright, Miller & Kane, Fed. Prac. & Proc. Civ.3d § 2682). Because "sufficient service of process is a prerequisite to the entry of default, a party has no duty to plead in the absence of proper service." Muhammad v. Barney, 2010 WL 3782651, *2 (S.D. Ohio Sept. 7, 2010). Further, "[w]ithout service of process, the district court is without jurisdiction to make an entry of default against a defendant pursuant to Rule 55(a)...." Sandoval, at *5.

III.

As noted above, the Court's docket does not reflect any attempt to serve the amended complaint on First Colony Construction, LLC in compliance with Fed.R.Civ.P. 4. The amended complaint contains a certificate of service indicating service "upon Bryan Waller, Owner of Defendant." This suggests to the Court that plaintiff may believe service of the original

complaint on Bryan Waller d/b/a First Colony Construction LLC demonstrates proper service on the limited liability company sufficient to support an entry of default. The Court cannot agree.

"A 'doing business as' designation is merely descriptive of the person who does business under some other name." In re Viva Vista Ventures, Inc., 2010 WL 3366408 (Bankr. N.D. Ohio August 23, 2010), citing Trustees of the Mason Tenders, Dist. Council Welfare Fund v. Faulkner, 484 F.Supp.2d 254, 257 (S.D.N.Y. 2007). However, "[i]t does not involve an entity separate from the person operating the business." Id. As explained by one court in noting that courts faced with the issue have held that the use of the d/b/a designation within a caption is not legally significant:

> "d/b/a" means "doing business as" but is merely descriptive of the person or corporation who does business under some other name. Doing business under another name does not create an entity distinct from the person operating the business. The individual who does business as a sole proprietor under one or several names, remains one person, personally liable for all his obligations. So also with a corporation which uses more than one name.

Woodall v. Underwriters at Lloyds, London, 2007 WL 1231688, *2 (E.D. Tenn. April 26, 2007) (citations omitted); see also Pension Ben.Guar. Corp. v. Uforma/Shelby Business Forms, Inc., 2014 WL 221941, *5 (S.D. Ohio Jan. 21, 2014) (under Ohio law, the sole proprietorship has no legal identity separate from the individual who owns it).

Here, however, plaintiff identifies First Colony by name, in both its original and amended complaints, as an LLC, or limited liability company. At the same time, the allegations of the amended complaint, in which only First Colony is named as a defendant, describe First Colony as an "Ohio corporation with its

-3-

principal place of business in Marietta, Ohio."  Under Ohio law, a limited liability company, and a corporation are distinct legal entities separate from an individual.  See Revised Code §§1701.01, et seq.; 1705.01, et seq.  While the record may be unclear as to First Colony's status as either a limited liability company or a corporation, it is clear from plaintiff's pleading that First Colony Construction LLC is an entity distinct from Mr. Waller.  As a result, the name First Colony Construction LLC cannot be viewed as simply descriptive of Mr. Waller as suggested by a d/b/a designation.  For this reason, the apparent completed service of the original complaint on Mr. Waller does not constitute service on First Colony Construction LLC.  Rather, plaintiff is required to perfect service of the amended complaint on First Colony in accordance with the rules applicable to that specific entity.

　　　Because First Colony has not properly been served, it has had no duty to plead and the Court is without jurisdiction to enter its default.  Consequently, the Court will recommend that the application for default be denied.

IV.

　　　For the reasons set forth above, it is recommended that the application for entry of default (Doc. 8) be denied.

PROCEDURE ON OBJECTIONS

　　　If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify,

in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de</u> <u>novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge