```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

Carol A. Wilson, Administrator,:
et al.,

       Plaintiffs,       :

  v.                        :       Case No. 2:16-cv-119

                              :       JUDGE MICHAEL H. WATSON
Bryan Waller,                     Magistrate Judge Kemp

       Defendant.        :

<u>REPORT AND RECOMMENDATION</u>

    This matter is before the Court on a motion for default judgment filed by plaintiffs Carol A. Wilson, administrator of four employee benefit plans, and the trustees of those plans, against defendant First Colony Construction LLC (Doc. 17). For the reasons set forth below, the Court will recommend that the motion for default judgment be granted.

I. <u>Background</u>

    The plaintiffs are the administrator and trustees of four trust funds: the Ohio Operating Engineers Health and Welfare Trust, the Ohio Operating Engineers Pension Fund, the Ohio Operating Engineers Apprenticeship and Training Fund, and the Ohio Operating Engineers Education and Safety Fund. The plaintiff states that all four funds are established "employee benefit plans" as defined by §2(1) of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. §1002(1). Plaintiffs are obligated and authorized to collect contributions to the funds.

    Through their complaint filed on February 9, 2016, Plaintiffs sought to collect delinquent contributions and other money owed by Bryan Waller, who, the complaint alleged, was an

employer who was bound, pursuant to collective bargaining agreements, to file monthly contribution reports, permit audits of his financial records, and make monthly contributions to the funds on behalf of those employees covered by the collective bargaining agreements.  Plaintiffs subsequently amended the complaint to substitute First Colony Construction, LLC, as the defendant.  The amended complaint (Doc. 7) alleges that First Colony breached the agreements by failing to make monthly contributions in the amount and manner prescribed.  Based upon this alleged breach, Plaintiffs sought the following relief:

> 1.  For the Health and Welfare Fund, delinquent contributions of $7,167.84, for an audit period from February 1, 2010 to November 1, 2011;
>
> 2.  For the Pension Fund, delinquent contributions in the amount of $6,060.26 for the same period;
>
> 3.  For the Apprenticeship and Training fund, delinquent contributions in the amount of $659.84 for the same period; and
>
> 4.  For the Education and Safety Fund, delinquent contributions in the amount of $43.05 for the same period.

In addition, the complaint sought interest of $11,561.05, statutory interest in the same amount, and attorneys' fees.

First Colony was served with the amended complaint on April 29, 2016.  (Doc. 14).  On May 31, 2016, Plaintiffs filed an application to the Clerk of Court for an entry of default.  The Clerk entered default that day.  (Doc. 16).  The motion for default judgment was filed on July 6, 2016.  (Doc. 17).

## II. The Motion for Default Judgment

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a party whose default has been entered by the clerk.  Once default has been entered, a defaulting defendant is considered to have admitted all the well-

pleaded allegations relating to liability.  See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995).  The mere determination of the defendant's liability does not, however, automatically entitle the plaintiff to default judgment. "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 Fed. Appx. 351, 355 (6th Cir. 2009), quoting Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). The decision to grant default judgment falls within the Court's discretion.  10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. §2685 (3d ed.).  In determining whether to enter judgment by default, courts often consider such factors as

> the amount of money potentially involved; whether material facts or issues of substantial public importance are at issue; whether the default is largely technical; whether plaintiff has been substantially prejudiced by the delay involved; and whether the grounds for default are clearly established or are in doubt.  Furthermore, the court may consider how harsh an effect a default judgment might have; or whether the default was caused by a good-faith mistake or by excusable or inexcusable neglect on the part of the defendant.

Id. (footnotes omitted).  Although the court may conduct an evidentiary hearing to determine damages, such a hearing is not a prerequisite to the entry of a default judgment if a detailed affidavit allows a decision on the record.  See Joe Hand Promotions, Inc. v. RPM Mgmt. Co., LLC, 2011 WL 5389425 (S.D. Ohio Nov. 7, 2011).

In the motion for default judgment, Plaintiffs seek judgment for delinquent contributions totaling $13,930.99, interest in the amount of $12,392.32 through June 15, 2016, plus $6.87 per day thereafter, statutory interest in the same amount, and attorneys'

fees in an amount to be determined later.  The motion also asks for an order permitting Plaintiffs to do a further audit.

The complaint, and the admissions which result from the entry of default, show that First Colony entered into agreements obligating it to make the contributions specified in those agreements and that it failed to make contributions for the audit period in question.  Further, the plan and funds at issue fall within the provisions of ERISA, 29 U.S.C. §1002(1) and 29 U.S.C. §1132(g).  Those showings are sufficient to establish liability.

As to damages, Plaintiffs have submitted an affidavit from Carol A. Wilson, the funds' administrator, attesting to the audit findings.  The affidavit is sufficient to support an award of damages as requested in the motion for default judgment without the need for an evidentiary hearing.  It will therefore be recommended that the Court grant the motion and grant Plaintiff the requested relief.  Any motion for attorneys' fees must be submitted within fourteen days of the date of judgment.  <u>See</u> Fed.R.Civ.P. 54(d)(2)(B)(i).

### III. <u>Recommendation</u>

For the reasons set forth above, it is recommended that the motion for default judgment (Doc. 17) be granted and judgment be entered against the defendant in the amount of $38,714.73 plus interest from June 15, 2016, and continuing beyond the date of judgment, at the rate of $13.74 per day.  Further, the Court should order Defendant to make its books and records available for audit at a reasonable time if requested by Plaintiffs.

### IV.  <u>PROCEDURE ON OBJECTIONS</u>

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made,

together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

     The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).

                                        <u>/s/ Terence P. Kemp</u>
                                        United States Magistrate Judge